# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# KNOXVILLE DIVISION

| | | |
|---|---|---|
| **TOMMY D. GARREN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | 3:17-cv-00149-CLC-DCP |
| | ) | |
| **CVS PHARMACY, INC.,** | ) | |
| **TENNESSEE CVS PHARMACY,** | ) | |
| **LLC and CVS Rx SERVICES,** | ) | |
| **INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## PROTECTIVE ORDER

1. This Protective Order shall govern all documents and testimony produced by the parties in this action that are designated as confidential. Furthermore, this Protective Order shall govern all information derived from such documents and testimony, as well as all copies, excerpts, or summaries thereof.

2. The purpose of this Protective Order is to protect against the unnecessary disclosure of confidential information. Information and documents protected by this Consent Protective Order shall include:

   a. All information and documents that refer to, reflect upon, or relate to:

(i) any current or former employee of Defendants including Plaintiff, and including, but not limited to, documents contained in such employees' personnel files and/or Defendants' Human Resources Department files; (ii) Defendants' trade secrets or other confidential proprietary technical, business, or financial information that is not generally known to the public; or (iii) patient personal or medical or other confidential information as to which there is a legitimate expectation of privacy;

b. Any financial information not generally available to the public;

c. Any other documents or testimony which a party in good faith designates as "confidential."

The information and documents protected by this Protective Order shall be referred to as "confidential materials." The restrictions contained herein regarding disclosure of confidential materials also apply with equal force to any excerpts, analyses, or summaries of such items or the information contained therein, as well as to any pleadings, memoranda, briefs, exhibits, transcripts, or other documents that may be prepared in connection with this litigation which contain or refer to the confidential materials or information contained therein.

3. "Disclosure" or "to disclose" shall mean to divulge, reveal, describe, summarize, paraphrase, quote, transmit, or otherwise provide or communicate to any

person or entity the confidential materials, whether pursuant to request, interrogatory, process, or otherwise, and whether in accordance with the Federal Rules of Civil Procedure or otherwise.

    4.    Such confidential materials shall be used solely for the purpose of this action, shall not be used for any other business, competitive or other purpose, and shall not be disclosed to any other person or third party other than:

    a.    Counsel for the parties in the above-styled action, including employees of such counsel to the extent necessary to render professional services in the above entitled action;

    b.    The parties in the above-styled action;

    c.    The Court and persons employed by the Court working on this litigation;

    d.    Court reporters at the proceedings in this action;

    e.    Experts or consultants retained or consulted by the parties in connection with this litigation, but only as set out in Paragraph 5 below; and

    f.    Current CVS Pharmacy, Inc.; Tennessee CVS Pharmacy, LLC; and CVS Rx Services, Inc. management employees during the course of noticed depositions. In addition, counsel may show personnel information designated as confidential to the individual who is the subject of the personnel information.

5. Prior to making the disclosure of any confidential materials pursuant to subsections (e) and (f) of Paragraph 4, counsel making such disclosures shall inform any person to whom disclosure is being made that the information or documents to be disclosed or any portions thereof, may be used only for purposes set forth in this Consent Protective Order.

6. In the event that any confidential material is referred to or used in the deposition of any person initiated by any party, the parties' counsel shall have the option, during the deposition or within fourteen (14) days after the deposition, to require the reporter to prepare the transcript and exhibits under seal. Moreover, the parties may, at the deposition or within fourteen (14) days after receiving a copy of the deposition transcripts, designate deposition testimony or portions thereof as "confidential."

7. This Protective Order does not limit the right of any party to object to the scope of discovery or to any particular discovery request in this litigation.

8. Upon request by the producing party, within 90 (ninety) days of the conclusion of this matter as to all parties, confidential materials produced by the producing party, as well as all copies, excerpts, or summaries thereof, shall be returned to the producing party. In the event counsel possess attorney work-product containing or referring to confidential materials, such attorney work-product shall remain subject to the restrictions set forth in Paragraph 4 above or in the alternative

may be destroyed.

9. Nothing in this Protective Order shall prevent a party from any use of its own confidential materials. Moreover, nothing in this Protective Order shall limit the right of the parties to use confidential materials for purposes of this litigation, including in any pleadings, memoranda, briefs, exhibits, or other documents which may be prepared in connection with this litigation.

10. Any party seeking to file confidential materials with the Court and have such materials sealed, must first comply with the procedures set forth in Local Rule 26.2 and ECF No. 70 as docketed in this case on August 12, 2019.

11. The inadvertent or unintentional disclosure of any confidential materials shall not be construed to be a waiver, in whole or part, of any party's claim of confidentiality, either as to the specific confidential material disclosed or as to other related information.

12. Any party may apply to the Court for relief from this Protective Order. The party seeking relief from this Consent Protective Order shall specify which information designated as "confidential" by the opposing party it wishes to disclose outside the confines of this litigation and the purpose for which and the manner in

which it seeks to disclose the information. Neither party shall disclose any information designated as "confidential" by an opposing party without the written consent of the opposing parties or the express permission of the Court.

13. Before seeking relief from the Court due to an alleged violation of this Protective Order, the party seeking relief will attempt to resolve the matter by agreement with the other party.

14. The terms of this Protective Order are subject to modification, extension, or limitation as may be hereinafter agreed to by all parties, or by order of this Court.

**IT IS SO ORDERED.**

ENTER:

_____
Debra C. Poplin
United States Magistrate Judge