# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# NORTHERN DIVISION

| | |
|---|---|
| **TOMMY D. GARREN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| | ) **CIVIL ACTION NO.:** |
| v. | ) **3:17-cv-00149-CLC-CCS** |
| | ) |
| **CVS RX SERVICES, INC.;** | ) |
| **CVS PHARMACY, INC.; and** | ) **Judge Curtis L. Collier** |
| **TENNESSEE CVS PHARMACY,** | ) |
| **LLC,** | ) |
| | ) |
| **Defendants.** | ) |

## PLAINTIFF'S CONSOLIDATED MOTIONS *IN LIMINE*

Plaintiff Tommy D. Garren (hereinafter "Plaintiff") hereby moves this Court for an Order granting each of the following preliminary motions in his trial against CVS RX Services, Inc., CVS Pharmacy, Inc., and Tennessee CVS Pharmacy, LLC (collectively referred to as "Defendants" or "CVS").

## FIRST MOTION *IN LIMINE*
## DISMISSED CLAIMS

Plaintiff moves for an Order declaring that no party or witness shall make reference to Plaintiff's claims which previously have been voluntarily dismissed or dismissed by the Court. This motion does not limit the ability of the parties or witnesses to testify as to facts which are admissible and relevant to Plaintiff's

1

remaining claims, even if those facts would also have been relevant to the claims which have been dismissed. Reference to such dismissed claims serves no valid purpose in this case, would confuse the jury as to why certain claims were dismissed or are not being pursued, and would waste judicial time in formulating jury charges. *See* Fed. R. Evid. 402, 403.

## SECOND MOTION *IN LIMINE*
## SETTLEMENT DISCUSSIONS

Plaintiff moves for an Order declaring that no party or witness shall make reference to any conversations, letter, emails, or other communications referring to offers of settlement or mediation allegedly communicated between the parties or their counsels. *See* Fed. R. Evid. 408.

## THIRD MOTION *IN LIMINE*
## LEADING QUESTIONS

Plaintiff moves for an Order declaring that Plaintiff be permitted to conduct the direct examination of CVS, and those present or former management employees of CVS, including but not limited to Randall Hatfield, Jeff Broyles, Stephen Burd, Shawn Plemmons, Mary Ellen Gibson, Linda Mitchell, David Sanford, Melissa Bellew, Melissa Dotson, Katrina Standridge, Suzan Schrader, Angela (Lane) Householder, Robert (Bryan) Wooldridge, and Geoffe Dupes as well as all witnesses identified on Defendants' Rule 26 Initial Disclosures whose address is identified as

2

"c/o" Littler Mendelson or Rachel Rosenblatt, counsel for Defendants, via leading questions, as these witnesses are identified with the adverse party. *See* Fed. R. Evid. 611. Plaintiff anticipates that Defendant will use these witnesses identified in its disclosures and/or on its trial witness list. By restricting any direct communication to these actual or potential witnesses, CVS has implicitly stated that each of these witnesses are management employees or decision-makers who were involved in the employment decisions affecting the Plaintiff.

## FOURTH MOTION *IN LIMINE*
## TESTIMONY PERTAINING TO AFFIRMATIVE DEFENSES

When cross-examination of a witness goes beyond the scope of direct and is designed to establish an affirmative defense, the examiner must be required to ask questions of non-hostile witnesses as if on direct. *See, e.g., Morvant v. Constr. Aggregates Corp.*, 570 F.2d 626, 635 (6th Cir. 1978) ("If the witness is friendly to the examiner, there is the same danger of suggestiveness as on direct; and consequently the court may, in its discretion, forbid the use of leading questions.")*;* Fed. R. Evid. 611(c) & Advisory Committee Notes (noting that "[o]rdinarily, the court should allow leading questions . . . on cross examination" but clarifying that "[t]he purpose of the qualification 'ordinarily' is to furnish a basis for denying the use of leading questions when the cross-examination is cross-examination in form

3

only and not in fact, as for example the 'cross-examination' of a party by his own counsel after being called by the opponent (savoring more of re-direct)"). CVS has asserted Twenty-Four Affirmative Defenses in its Answer to Plaintiff's Complaint. (Doc. 63, pp. 13-16). Plaintiff seeks an Order requiring CVS to proceed as if on direct examination whenever questioning a non-hostile witness with regard to testimony designed to establish any of the affirmative defenses alleged by CVS, even if that witness is testifying during the presentation of Plaintiff's case.

## FIFTH MOTION *IN LIMINE*
## NUMBER OF DOCUMENTS AND WITNESSES
## PRODUCED DURING DISCOVERY

Plaintiff moves for an Order declaring that no party or witness shall make reference generally to the number of documents which have been produced or witnesses who have been deposed in this case. This motion would not restrict the parties from asking any witness whether or not a particular document, identified or described as part of the witness's testimony, was actually produced by either party during the litigation of this case, or to ask a witness to examine or review documents actually produced during discovery for the purpose of identifying a particular document identified or referenced during the witness's testimony.

## SIXTH MOTION *IN LIMINE*
## MATTERS NEITHER PLED NOR PRESERVED

Plaintiff moves for an Order declaring that CVS be barred from introducing any evidence to support, or make any argument to advance, any defenses, affirmative or otherwise, not specifically pled in its Answers and preserved in the Pretrial Order. To permit CVS to raise new or additional defenses not previously pled or preserved would unduly prejudice Plaintiff.

## SEVENTH MOTION *IN LIMINE*
## EVIDENCE NOT PRODUCED IN A TIMELY FASHION

Plaintiff moves for an Order declaring that Defendants be prohibited from using or referring to any evidence or document, or calling any witness, if said evidence, document, or witness fell within a properly issued discovery request from the Plaintiff, and Defendants failed to timely produce said evidence/document or identify such witness, even if said evidence, document, or witness was identified on or before October 18, 2019. (*See* doc. 76 (extending discovery deadline to October 18, 2019)).

## EIGHTH MOTION *IN LIMINE*
## DOCUMENTS AND WITNESSES NOT
## INCLUDED IN RULE 26 DISCLOSURES

Plaintiff moves for an Order declaring that CVS be prohibited from using or referring to any document, or calling any witness, not disclosed in Defendants' Rule

5

26 disclosures prior to the close of discovery. *See* Fed. R. Civ. P. Rule 26(a)(1) & 37(c)(1). Federal Rule of Civil Procedure 26(a) requires a party to provide the name, address, and telephone number of individuals with discoverable information that the disclosing party may use to support its claims or defenses, "along with the subjects of that information." Although Rule 26(e)(1)(A) does relieve a party from supplementing its Rule 26 disclosures if the additional or corrective information has been made known to the other parties during the discovery process, the mere identification of a witness, without more, is not sufficient to satisfy the requirements of this Rule. *See* Fed. R. Civ. P. 26(a)(1)(A)(i). Rule 26 requires a party to do more than make general reference to potential witnesses. The Rule requires a party to identify the particular individuals that party intends to rely upon to support its claims or defenses and to identify the subjects of that witness's information. Merely mentioning an individual during a deposition, without more, is not sufficient to put the Plaintiff on notice that said individual will be relied upon by the party. A similar provision, Fed. R. Civ. P. 26(a)(1)(A)(ii), applies to documents in a party's possession, custody or control.

## NINTH MOTION *IN LIMINE*
## SEQUESTRATION OF WITNESSES UNDER RULE 615

This motion invokes what is commonly referred to as "The Rule" and/or "Rule

6

Case 3:17-cv-00149-CLC-DCP   Document 103   Filed 06/12/20   Page 6 of 14   PageID #: 2854

of Sequestration." Pursuant to Federal Rule of Evidence Rule 615, Plaintiff is, as a matter of right, entitled to bar witnesses from hearing or being exposed to other testimony so as to prevent collusion or fabrication of testimony. The exclusion of witnesses other than those identified under the rule is mandatory upon request of a party. *Thorne v. Hollway,* No. 3:14-CV-0695, 2014 WL 4411680, at *28 (M.D. Tenn. Sept. 8, 2014), *aff'd sub nom. Thorne v. Lester,* 641 F. App'x 541 (6th Cir. 2016) (discussing Rule 615 and noting that the Rule requires "the federal district court to exclude witnesses upon motion by a party") (citing 29 Wright & Miller, Federal Practice & Procedure § 6241 ("Rule 615 departs from the common law in that, when a party requests exclusion of witnesses, such an order is mandatory rather than a matter of discretion.")). "[T]he sequestration process involves three parts: preventing prospective witnesses from consulting each other; preventing witnesses from hearing other witnesses testify; and preventing prospective witnesses from consulting witnesses who have already testified." *United States v. Sepulveda*, 15 F.3d 1161, 1176 (1st Cir. 1993); *see also, e.g., Minebea Co. v. Papsti*, 374 F. Supp. 2d 231, 233 (D.D.C. 2005). "This rule serves two purposes: (1) it prevents witnesses from tailoring testimony to that of other witnesses; and (2) it aids in detecting false testimony." *United States v. Green*, 305 F.3d 422, 428 (6th Cir. 2002).

Plaintiff hereby invokes Rule 615 and respectfully requests that, prior to the

7

trial, all non-party witnesses be instructed to leave the courtroom and to remain out of the courtroom until called as a witness. Further, all witnesses, whether parties or non-parties, should be instructed not to discuss any of the facts involved in their case, their own testimony, or the testimony of other witnesses, with anyone until after the conclusion of the trial. *See Home Design Services, Inc. v. Park Square Enterprises, Inc*., 2006 WL 300607, at *5 (M.D. Fla. 2006) (concerns giving rise to Rule 615 are just as valid for a rebuttal witness who has already testified in the case-in-chief as they are for a primary witness; ordinarily a witness continues to remain subject to the rule for the very reason that the witness may be recalled on rebuttal) (citing *Geders v. United States*, 425 U.S. 80, 87 (1976) ("After all, '[t]he purpose of the rule is to prevent witnesses from 'tailoring 'their testimony to that of earlier witnesses and to aid in detecting testimony that is less than candid.'").

Rule 615 does not authorize the exclusion of "an officer or employee of a party that is not a natural person, after being designated as the party's representative by its attorney." Fed. R. Evid. 615(b). Significantly, the language of this exception is in the singular: "an officer," "an employee," "representative." Consequently, Rule 615(b) authorizes the CVS to designate no more than one officer, employee or representative who may attend the trial. *See Oliver B. Cannon & Son, Inc. v. Fid. & Cas. Co. of New York,* 519 F. Supp. 668, 679 (D. Del. 1981) (discussing Rule 615(b)

and noting that "it does not permit counsel to designate more than one person to be present as a corporation's representative") (citing *United States v. Causey,* 609 F.2d 777 (5th Cir. 1980); *Lumpkin v. Bi- Lo, Inc.*, 117 F.R.D. 451, 453 (M.D. Ga. 1987).

## TENTH MOTION *IN LIMINE* ORDER ON "OPENING THE DOOR" AND "CURATIVE ADMISSIBILITY"

A jury trial is a complicated undertaking. Mistakes can happen. Some are small; others are big. And despite the issuance of an *in limine* Order, a party can inadvertently rely upon a document or elicit testimony that touches on topics covered by an *in limine* Order. This should not automatically "open the door" for the other party to offer otherwise inadmissible evidence. As the Sixth Circuit noted in *Elledge v. Bacharach Instrument Co.*, 974 F.2d 1338 (6th Cir. 1992), "Under the rule of curative admissibility or the 'opening the door' doctrine, the introduction of inadmissible evidence by one party opens the door for an opponent to introduce evidence on the same issue <u>to rebut any false impression that was given</u>." *Id.* (emphasis added). "Introduction of otherwise inadmissible evidence under shield of this doctrine is permitted <u>only to the extent necessary to remove any unfair prejudice</u> which might otherwise have ensued from the original evidence." *Id.* (citations omitted & emphasis added). As Chief Justice Rehnquist noted in *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 177 n.2 (1988), "opening the door" "calls for an

9

exercise of judicial discretion."

Because offering otherwise inadmissible evidence requires the exercise of judicial discretion, Plaintiff seeks an Order that, whenever counsel believes that a party has "opened the door" to the admission of otherwise inadmissible evidence, counsel must first approach the Bench and obtain a ruling from the Court, outside the presence and hearing of all prospective or actual jurors, as to the propriety of introducing such otherwise inadmissible evidence. In instances where a party believes that another party has "opened the door," the parties and witnesses nevertheless should also be instructed to refrain from making any comment, reference or allusion, directly or indirectly, in any manner whatsoever, concerning any of the matters which are the subject of an Order *in limine* until such time as the Court determines that curative admissibility is required to rebut any alleged unfair prejudice. This includes any follow-up comment, mention, or question that is premised upon the belief that one party has "opened the door" to the question through its conduct.

## ELEVENTH MOTION *IN LIMINE*
## AFTER-ACQUIRED EVIDENCE

Plaintiff has alleged that CVS subjected him to several adverse employment actions, including termination, for an unlawful reason. CVS contends it subjected

10

Plaintiff to the challenged actions for lawful reasons due to purported business policies, alleged performance issues, and supposed misconduct. The jury will have to determine which explanation is the correct one. As the Supreme Court held in *McKennon v. Nashville Banner Publishing Co.*, 513 U.S. 352 (1995), after-acquired evidence cannot be used to determine liability because "[t]he employer could not have been motivated by the knowledge it did not have and it cannot now claim that the employee was fired for the nondiscriminatory reason." *Id.* at 360. Rather, after-acquired evidence should only be used in fashioning the remedy. *Edgar v. JAC Prod., Inc.,* 443 F.3d 501, 512 (6th Cir. 2006) (citing *McKennon*). That is because "proving that the same decision would have been justified . . . is not the same as proving that the same decision would have been made." *McKennon*, 513 U.S. at 360 (citing *Price Waterhouse v. Hopkins*, 490 U.S. 228, 252 (plurality opinion)).

Because any after-acquired evidence of wrongdoing is irrelevant to any issue to be decided by the jury, and because it would be error for the fact-finder to rely upon such evidence when determining whether CVS violated the law when it terminated Plaintiff, this Court should enter an Order prohibiting CVS from offering any evidence of alleged wrongdoing that CVS may claim was committed by Plaintiff during his employment that was not known to CVS at the time it terminated his

11

Case 3:17-cv-00149-CLC-DCP   Document 103   Filed 06/12/20   Page 11 of 14   PageID #: 2859

employment.[1]

## TWELVTH MOTION *IN LIMINE*
## EVIDENCE UNKNOWN TO DECISION-MAKERS

Plaintiff moves that Defendants be barred from introducing any evidence or making any reference to evidence not known to the decision-makers at the time the decision that is at issue in this ligation was made. Permitting Defendants to assert such a defense at this time would unduly prejudice Plaintiff.

## THIRTEENTH MOTION *IN LIMINE*
## PERSONAL PROPERTY UNRELATED
## TO DAMAGES CALCULATIONS

Plaintiff moves that for an Order that no reference shall be made — by document, testimony, statement of counsel, or otherwise — to Plaintiff's real or personal property assets, investments, income, or losses which are unrelated to his backpay calculation. This includes but is not limited to any reference to Plaintiff's ownership of land, his home, stocks and other securities, his family's farm, the Garren Stables business, and Plaintiff's horses in addition to any other real or personal property owned by Plaintiff which in no way relates to the calculation of Plaintiff's damages in this case. This information is irrelevant to any issue in this case and is confidential and private. Further, this information would be unduly

---

[1] To the extent Defendant wishes to make such a showing, it can be done outside the presence of the jury.

prejudicial to Plaintiff, would confuse or mislead the jury, and be a waste of time.

Fed. R. Evid. 105, 401, 402 & 403.

                                      Respectfully submitted,

                                      /s/ *Alicia K. Haynes*
                                      Alicia K. Haynes
                                      Heather Collins

                                      One of the Attorneys for Plaintiff

OF COUNSEL:

**HAYNES & HAYNES, P.C.**
1600 Woodmere Drive
Birmingham, Alabama 35226
Office: (205) 879-0377
akhaynes@haynes-haynes.com

OF COUNSEL:

**COLLINS & HUNTER, PLLC**
7000 Executive Center Drive
Suite 320 (Bldg. #2)
Brentwood, Tennessee 37027
Office: (615) 724-1996
heather@collinshunter.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this, the 12th day of June 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record. Additionally, the undersigned certifies that the following counsel for CVS has been served via electronic mail:

Andrea Evans Zoia
Morgan, Brown & Joy LLP
200 State Street
Boston, MA 02109
azoia@morganbrown.com

                                        /s/ *Alicia Haynes*
                                        OF COUNSEL