UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| TOMMY D. GARREN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:17-CV-149-CLC-DCP |
| | ) | |
| CVS HEALTH CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Defendants' Motion for Leave to Amend Pretrial Witness List [Doc. 98] and Plaintiff's Objection to Defendants' Pretrial Witness List and Amended Witness List. [Doc. 100]. The Court notes that Plaintiff has not filed a specific response to Defendants' motion, but instead filed an Objection [Doc. 100] which the Court will treat as both an Objection and a response. Defendants have filed a reply [Doc. 102].

In their Motion [Doc. 98], Defendants seek leave to amend their pretrial witness list. For grounds, Defendants state that on February 10, 2020, they provided Plaintiff with their pretrial witness list, naming Corey Long ("Long") of Toluna as a witness that may be called for the purpose of authenticating documents. Defendants state that recently, Long left his employment with Toluna, and therefore, Defendants request that Long be removed from their witness list and that Travis Houweling ("Houweling") be substituted for the sole purpose of authenticating documents if necessary. Defendants state given that Long is no longer with Toluna, good cause exists for their amendment.

Plaintiff objects [Doc. 100] to Defendants request, arguing that neither Long nor Houweling were previously disclosed to Plaintiff as required by Federal Rule of Civil Procedure 26. Plaintiffs state that Defendant failed to disclose either witness in their Rule 26 disclosures. Plaintiffs state that Defendant cannot rely on Long or Houweling's testimony pursuant to Rule 26(a) or (e) and Rule 37(c)(1). Plaintiff requests that the Court strike these two witnesses and disallow testimony from Long or Houweling.

Defendants replied [Doc. 102] that they previously identified the existence of an unnamed Toluna employee whom would be used to authenticate records in their October 15, 2019, Second Supplemental Initial Disclosures [Doc. 102-1 at p. 8], relied on Long to authenticate documents filed with the Court on December 16, 2019 [Docs. 85-3, 85-4], and named Long on their proposed Pretrial Witness List dated February 10, 2020. [Doc. 98-1 at ¶ 14].

Rule 26(a)(1)(a)(i) of the Federal Rules of Civil Procedure requires parties to identify by name each individual that the disclosing party may use to support its claims or defenses. Failure to identify a witness may result in the exclusion of that witness, unless such failure was substantially justified or harmless. Fed. R. Civ. P. 37(c)(1).

There is no question that a custodian of records employed by Toluna was not listed in Defendants' Supplemental Initial Disclosures, dated August 12, 2019. [Doc. 100-1]. An unnamed custodian of records was identified on October 15, 2019 [Doc. 102-1], and Long, authenticated documents filed with the Court on December 16, 2019. [Doc. 85-3, 85-4]. Thus, Plaintiff has known of the existence of an unnamed custodian of records since at least October 15, 2019, and knew of Long, by name, since at least December 16, 2019.

While the Court does not approve of Defendants' delay in identifying, by name, a custodian of records in this matter, given that the witness in question will only be used to authenticate

2

documents, the Court finds Defendants' delay in identifying Long by name to have been harmless. Plaintiff has not stated how the delay has harmed or prejudiced him, nor does the Court find any evidence of harm or prejudice. Furthermore, given that Mr. Long is no longer employed by Toluna, the Court finds it is appropriate for Defendants to be allowed to amend their witness list to replace Long with Houweling.

Accordingly, for the reasons set forth above, Defendants' Motion **[Doc. 98]** is hereby **GRANTED** and Plaintiff's Objection **[Doc. 100]** is hereby **OVERRULED**.

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge